UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   NOT FOR PUBLICATION

LAWRENCE WRIGHT,

               Plaintiff,

**MEMORANDUM AND ORDER**
07 CV 3895 (CBA)

-against-

MALATESTA AND PALADINO
CONSTRUCTION, CARMINE MALATESTA,
OWNER,

               Defendant.
----------------------------------------------------------------X

**AMON, United States District Judge:**

Plaintiff Lawrence Wright, currently incarcerated at Rikers Island, filed the instant *pro se* action against defendants alleging violations under 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order. For the reason set forth below, the complaint is dismissed.

## Background

Plaintiff alleges that "on or about October 18, 2003, [he] was hired as a laborer by Malatesta and Paladino Construction" where he was "placed on a union site in Queens, Jamaica N.Y." Compl. at 2.[1] Plaintiff further alleges that he was not paid the same wage as "[o]ther workers doing the same job." Id. In December 2003, plaintiff alleges that he was laid off and that after complaining to defendant Carmine Malatesta, he was offered $5000, which he accepted. Id. Plaintiff alleges that he was discriminated against, illegally terminated, and underpaid. Id. at 3. Plaintiff attempted to negotiate a $50,000 settlement from defendant but that offer was declined. Id.

---

[1] The Court has paginated the complaint for ease of reference.

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint, filed *in forma pauperis*, if it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." Because plaintiff is proceeding *pro se*, his papers must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotations omitted).

## Discussion

Plaintiff brings this action alleging violations by defendant pursuant to 42 U.S.C. § 1983. Compl. at 1. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

It is well settled that in order to maintain an action under 42 U.S.C. § 1983, a plaintiff must allege that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (internal citations omitted) (also known as the "state action" requirement of § 1983). This requirement excludes from the reach of § 1983 private conduct, "no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotations omitted).

Here, plaintiff does not allege that defendant Malatesta and Paladino Construction or Carmine Malatesta is a state actor or acted pursuant to state "statute, ordinance, regulation, custom." 42 U.S.C. § 1983. See, e.g. Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982) (no state action where teachers sued a private college under § 1983 even if the State paid the tuition of the students); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 156-60 (1978) (no state action for conduct of warehouseman under § 1983 for threatening to sell goods in its possession even if the sale was authorized by a state statute); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 172-75 (1972) (no state action for racial discrimination by a private club that was heavily regulated by the Pennsylvania Liquor Control Board). Because the defendant here is a private party, the first element of plaintiff's section 1983 claim is not met and therefore it must be dismissed.

## Conclusion

Accordingly, plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 10, 2007

s/Carol B. Amon
Carol Bagley Amon
United States District Judge